Roy *v.* Giles.

A. L. ROY et al. *v.* THOMAS L. GILES ·et al.

JURISDICTION. *Probate Court, Shelby County*: This Court has only such jurisdiction ( T. & S. Co le, sec. 316*h* ) as to guardian settlements, as was previously conferred upon the County Court.

COUNTY COURT. *Jurisdiction.* After a final settlement and resignation of a guardian the County Court could not entertain a bill, filed in accordance with the forms and practice of a Chancery Court, to surcharge and falsify the settlement. For this purpose resort should be had to a Court of Chancery. County Courts have power to bring guardians to settlement, but for this purpose the remedy is summary and not by a bill according to the forms of Chancery.

FROM SHELBY.

Appeal from the Probate Court of Shelby County. J. E. R. RAY, J.

J. R. & W. S. FLIPPIN for Complainants.

J. A. TAYLOR for Defendants.

McFARLAND, J., delivered the opinion of the Court.

This bill was filed in the Probate Court of Shelby county against the two former guardians of Mrs. Roy (Giles and Shelly), and their sureties for an account and settlement of their guardianships.

It is charged that Giles made his settlement in 1867, and resigned. It is sought to surcharge and falsify this settlement. Shelly was appointed soon after the resignation of Giles. The allegations of the bill are indefinite as to his settlement. "A report and settlement" made by him is referred to in the bill.

The principal charge against him, however, is that a tract of 76 acres of land belonging to Mrs. Roy and three others, was sold by a decree of said Probate Court for partition, in a cause which is referred to as pending in said Court; that Mrs. Roy was entitled to one-fourth of the purchase money, the whole sum being $1,368.06.

They suppose it has been paid, but what became of it they do not know, but they charge that it come, or should have come to the hands of Shelly as guardian, none of which has been accounted for, Mrs. Roy only having received about $160 out of the funds of her estate.

The Judge overruled a demurrer but allowed an appeal. The question presented in argument is

Roy *v.* Giles.

whether the Court has jurisdiction of the cause. The act creating the court defines its jurisdiction as follows: The said Court shall have original jurisdiction of all matters of probate, the administration of estates and orphans' business, embracing all of the subjects and power enumerated in and conferred by sections 4201, 4203, 4204, 4205 and 4208 of the Code of Tennessee, and concurrent jurisdiction with the Chancery courts of Shelby County over the persons and estates of idiots, lunatics and other persons of unsound mind; and proceedings for the partition or sale of estates by personal representatives, guardians, heirs, tenants in common, joint owners or coparceners, for the sale of lands at the instance of the creditors of decedents if the personal property is insufficient to satisfy the debts of the estate, and for the allotments of dower, and it is hereby vested with all the powers of a Chancery Court, touching these matters: T. & S. Code, sec. 316*h.*

This not being a cause involving the person or estate of an idiot, or person of unsound mind, or for the partition or sale of real estate for any purpose, or the allotment of dower, we must look to the first clause of that part of the act above quoted as the authority for the jurisdiction. This, however, only gives such jurisdiction as was previously conferred upon the County Court. The sections of the Code referred to, being those conferring or defining the jurisdiction of the County Court.

While it is clear that the County Court, and consequently the Probate Court, had jurisdiction of the settlements of guardians, yet we suppose that after a final settlement and resignation of a guardian, the County Court could not entertain a bill filed in accordance with the forms and practice of a Chancery Court to surcharge and falsify the settlement. For this purpose resort should be had to a court of chancery. While the jurisdiction of the County Court in the first instance is original, yet that jurisdiction is exhausted upon the final settlement and acceptance of the guardian's resignation, and no statute confers jurisdiction to entertain a bill for the review of the proceedings. The cases of *Young* v. *Shumate*, 3 Sneed, 369, *Bond* v. *Clay*, 2 Head, 369, recognize the general rule.

We hold, therefore, the Court had no jurisdiction, especially as to the defendants, Giles and his sureties. The Court had the power to bring Shelly to a settlement, but for this purpose the remedy was summary and not by a bill in the present forms.

The decree will be reversed and the bill dismissed with costs.